**Darrell James DEBREW, Appellant**

v.

**Mr. Doug AUMAN, Unit Manager at FCI Loretto, in his official and individual capacity and as individual; Counselor Custor, Counselor at FCI Loretto, in his official and individual capacity and as individual; Lt. Fedorka, Lieutenant at FCI Loretto, in his official and individual capacity and as individual; Warden John Yost, Warden at FCI Loretto, in his official and individual capacity and as individual.**

F.3d 180, 188 (3d Cir.1998).

No. 07–4673.

United States Court of Appeals,
Third Circuit.

Submitted Pursuant to Third Circuit
LAR 34.1(a) May 5, 2009.

Opinion filed: Nov. 25, 2009.

Darrell James Debrew, Butner, NC, pro se.

Before: SCIRICA, Chief Judge, CHAGARES and WEIS, Circuit Judges.

OPINION

PER CURIAM.

Plaintiff Darrell Debrew, a federal prisoner and self-described "prolific writer of

essays," proceeding *pro se*, appeals the dismissal of his civil rights complaint. We will affirm in part and vacate in part and remand for further proceedings.

According to the complaint, plaintiff, while housed in the Federal Correctional Institute (FCI) in Loretto, Pennsylvania, received an incident report on May 30, 2006, from Lieutenant Fedorka for unauthorized use of the telephone, running a business, and "[r]efusing to program." On June 5, 2006, Unit Manager Doug Auman and Counselor Custer found plaintiff guilty of running a business and unauthorized use of the telephone.

Auman and Custer directed plaintiff to remove his webpage from the internet and prohibited his use of the mail or telephone in connection with his manuscripts and books. On June 18, 2006, plaintiff asked his mother to terminate his webpage.

Debrew was successful in his administrative appeals, and the incident report was expunged on August 9, 2006.

Plaintiff was ultimately transferred to the FCI in Petersburg, Virginia, where, on July 16, 2007, he filed this *Bivens* suit against Lt. Fedorka; Auman; Custer; and John Yost, the warden at the FCI in Loretto, in their individual and official capacities. Plaintiff sought injunctive and declaratory relief, as well as compensatory and punitive damages. He alleged that defendants violated his First Amendment rights by issuing him the incident report, ordering him not to use the mail or telephone, directing him to remove his webpage, and sanctioning him.

After screening the case pursuant to 28 U.S.C. § 1915A and before any pleadings had been filed by defendants, a magistrate judge issued a report and recommended that the complaint be dismissed. The magistrate judge determined that the plaintiff's claims for equitable relief were moot, punitive damages were inappropriate, and that, among other things, the

defendants' qualified immunity precluded the award of other damages.

The district judge adopted the report, dismissed the plaintiff's complaint, and denied reconsideration. Plaintiff timely appealed.

■■■ Our review of the record convinces us that the District Court properly determined that the claims for injunctive and declaratory relief became moot when plaintiff was transferred from the FCI in Loretto to the FCI in Petersburg. *See Sutton v. Rasheed,* 323 F.3d 236, 248 (3d Cir.2003). In addition, no claims could properly be brought against defendants in their official capacities. *See Consejo de Desarrollo Economico de Mexicali, A.C. v. United States,* 482 F.3d 1157, 1173 (9th Cir.2007) (explaining that a "Bivens action can be maintained against a defendant in his or her individual capacity only, and not in his or her official capacity" (quoting *Daly–Murphy v. Winston,* 837 F.2d 348, 355 (9th Cir.1987))).

■■ We conclude, however, that the case was not made ripe for a ruling on whether qualified immunity precluded plaintiff from suing defendants as individuals. "[T]he qualified-immunity defense shields government agents from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Thomas v. Independence Twp.,* 463 F.3d 285, 291 (3d Cir.2006) (quoting *Behrens v. Pelletier,* 516 U.S. 299, 305, 116 S.Ct. 834, 133 L.Ed.2d 773 (1996)).

It is well established that "[i]ncarceration ... necessitates that many rights and privileges, including rights derived from the First Amendment, be eliminated or curtailed." *Abu–Jamal v. Price,* 154 F.3d 128, 132–33 (3d Cir.1998). In order to maintain security, prisons may limit an inmate's speech if it "incite[s] other prison-

ers" or involves "escape plans." *Id.* at 134; *see also Nasir v. Morgan,* 350 F.3d 366, 368–76 (3d Cir.2003) (finding constitutional a prison's regulation prohibiting inmates from corresponding with other inmates and former inmates without written approval of the prison's superintendent).

However, inmates "retain[ ] those First Amendment rights that are not inconsistent with [their] status as ... prisoner[s] or with the legitimate penological objectives of the corrections system." *Abu–Jamal,* 154 F.3d at 134 (quoting *Pell v. Procunier,* 417 U.S. 817, 822, 94 S.Ct. 2800, 41 L.Ed.2d 495 (1974)); *see also id.* at 130–36 (barring prison from enforcing anti-business or profession rule against an inmate author based on the content of his writings and because the material did "not affect the allocation of prison resources, other inmates, or the orderly administration of the prison system any more than ... the writing of other inmates").

The record before us does not contain sufficient information to determine whether the plaintiff's case involves the violation of a clearly established constitutional right. The complaint alleged that plaintiff is an author, maintained a webpage, was found to have violated prison rules prohibiting a business, was ordered to remove his webpage, and was restricted in his use of the mail and telephone regarding his books and manuscripts.

The record lacks more detailed allegations of facts about the events that prompted the defendants' actions against plaintiff. Sufficient information about the webpage, books and manuscripts, as well as mail and telephone usage is not available for a proper First Amendment determination that considers the plaintiff's status as a prisoner and the prison's legitimate penological objectives.

Because the complaint failed to disclose whether the defendants' actions did not violate a clearly established constitutional right, dismissal on qualified immunity grounds was premature. *See Thomas,* 463 F.3d at 291 (a dismissal based on qualified immunity will be upheld "only when the immunity is established on the face of the complaint" (quoting *Leveto v. Lapina,* 258 F.3d 156, 161 (3d Cir.2001))). On remand, the District Court may order plaintiff to provide a more definite statement of his claims so that the qualified immunity issue may be resolved expeditiously and without "subjecting the [i]ndividual [d]efendants who may be immune from suit to needless discovery and the other burdens of litigation." *Id.* at 299–301.

Similarly, the issue of monetary damages need not be resolved until liability is determined.

Accordingly, the claims against defendants for injunctive and declaratory relief as well as the claims against defendants in their official capacities were properly dismissed. The judgment in favor of defendants on the remaining claims will be vacated, and the case remanded for further proceedings.